UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC MITCHELL; <br> MAURICE MITCHELL; <br> CATHY MITCHELL; <br> RENITA WILLIAMS; and <br> RENITA SCOTT, a minor, <br> by and through Renita Williams, <br> her mother and next best friend; <br><br> Plaintiffs, <br> vs. <br><br> CITY OF CHICAGO, a <br> Municipal Corporation; <br> Chicago Police Officers <br> RAYMOND PIWNICKI, star 7858; <br> ANTHONY MARTIN, star 14313; <br> KEITH RIGAN, star 19567; and <br> UNKNOWN CHICAGO POLICE <br> OFFICERS John Does and <br> Jane Roes 1-10; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. <br><br><br><br><br><br><br><br> Judge  **05C 6619** <br><br><br> Jury Demand <br><br> **MAGISTRATE JUDGE VALDEZ** <br> **JUDGE LINDBERG** |

FILED
J.N
NOV 2 1 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343. Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiffs CEDRIC MITCHELL, MAURICE MITCHELL, CATHY MITCHELL, RENITA WILLIAMS, and RENITA SCOTT are citizens of the United States and of the State of Illinois, and are residents of the County of Cook, and the City of Chicago.

5. Defendant Police Officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, the Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On November 19, 2004, Plaintiff MAURICE MITCHELL left the residence located at 3604 West Douglas Boulevard, 3rd floor, Chicago, Illinois, County of Cook, to do some grocery shopping.

9. When Plaintiff MAURICE MITCHELL got downstairs, Plaintiff CATHY MITCHELL dropped $10.00 from the 3rd floor to Plaintiff MAURICE MITCHELL for him to use for groceries.

10. Plaintiff picked-up the $10.00.

11. The Defendant-Officers, or some of them, then approached Plaintiff MAURICE MITCHELL.

12. The Defendant-Officers told Plaintiff MAURICE MITCHELL to "stop," and to put his "hands up."

13. Plaintiff was not free to leave.

14. The Defendant-Officers, or some of them, searched Plaintiff's person.

15. Plaintiff was searched without legal justification or probable cause.

16. During this time, Plaintiff CEDRIC MITCHELL observed his cousin, Plaintiff MAURICE MITCHELL, getting searched by the Defendant-Officers.

17. Plaintiff CEDRIC MITCHELL approached the Defendant-Officers and asked them what was going on.

18. The Defendant-Officers told Plaintiff CEDRIC MITCHELL to "shut up and go back upstairs."

19. Plaintiff CEDRIC MITCHELL moved away from these Defendant-Officers.

20. One of the Defendant-Officers walked toward Plaintiff CEDRIC MITCHELL, pushed him, and told him: "I said go upstairs."

21. The same Defendant-Officer then pulled out his handcuffs and threatened to hit Plaintiff CEDRIC MITCHELL with his handcuffs.

22. The Defendant-Officer then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

23. Plaintiff CEDRIC MITCHELL was able to get away from the Defendant-Officer and go back into his residence on the 3rd floor of 3604 West Douglas Boulevard.

24. At about this time, Plaintiff MAURICE MITCHELL was handcuffed and placed into the back of the police car.

25. Plaintiff MAURICE MITCHELL was under arrest and not free to leave.

26. The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

3

27. Plaintiff MAURICE MITCHELL was arrested without any legal justification or probable cause.

28. Plaintiffs CEDRIC MITCHELL, CATHY MITCHELL, RENITA WILLIAMS and RENITA SCOTT lived in the residence at 3604 West Douglas Boulevard, 3rd floor.

29. Plaintiffs CATHY MITCHELL and RENITA SCOTT were inside the residence when Plaintiff CEDRIC MITCHELL came back in.

30. After Plaintiff CEDRIC MITCHELL went inside, the Defendant-Officers, or some of them, kicked in the front door and entered the residence.

31. Once the Defendant-Officers entered the residence, the Plaintiffs and the children in the residence were not free to leave.

32. The Defendant-Officers, or some of them, then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

33. The Defendant-Officers, or some of them, held Plaintiff CEDRIC MITCHELL on the ground and put handcuffs on him.

34. Plaintiff CEDRIC MITCHELL was also grabbed by his hair and pepper-sprayed him.

35. A Defendant-Officer elbowed eight-year old Plaintiff RENITA SCOTT in the eye during the altercation with Plaintiff CEDRIC MITCHELL.

36. Plaintiffs RENITA WILLIAMS and CATHY MITCHELL were shoved by one or more of the Defendant-Officers during the altercation with Plaintiff CEDRIC MITCHELL.

37. Plaintiff CATHY MITCHELL called 911 and reported that police officers were beating her son Plaintiff CEDRIC MITCHELL.

38. Defendant-Officers took Plaintiff CEDRIC MITCHELL to a police car.

39. Defendant-Officers did not wash the pepper-spray out of Plaintiff CEDRIC MITCHELL's eyes for three hours.

40. After the incident, Plaintiff CEDRIC MITCHELL sought medical attention at Cook County Hospital, 1900 West Polk Street, Chicago, for his eyes.

41. Plaintiff MAURICE MITCHELL was charged with resisting or obstructing a peace officer, in the case of People v. Maurice Mitchell, Cook County Circuit Court, Case No.: 04130466701.

42. Plaintiff CEDRIC MITCHELL was charged with resisting or obstructing a peace officer and aggravated assault, in the case of People v. Cedric Mitchell, Cook County Circuit Court, Case No.: 04130467601.

43. On January 19, 2005, both cases were dismissed.

44. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer great damages including, loss of their physical liberty, embarrassment and emotional distress, pain and suffering, mental anguish and humiliation, and other nonpecuniary losses.

## COUNT I
### 42 U.S.C. § 1983, False Arrest/Imprisonment

45. Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

46. The Defendant-Officers, or some of them, forced their way into Plaintiff CEDRIC MITCHELL's residence with the intent of arresting him.

47. Plaintiff CEDRIC MITCHELL was placed in handcuffs by the Defendant-Officers.

48. Plaintiff CEDRIC MITCHELL was not free to leave.

49. The Defendant-Officers did not have an arrest warrant for Plaintiff CEDRIC MITCHELL.

50. Plaintiff CEDRIC MITCHELL was handcuffed and arrested without probable cause or legal justification.

51. The actions of Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in arresting Plaintiff CEDRIC MITCHELL without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff CEDRIC MITCHELL asks that this Honorable Court:

(a) Enter judgment against Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN ;

(b) Award compensatory and punitive damages to Plaintiff CEDRIC MITCHELL against said Defendants, as determined at trial;

(c) Award Plaintiff CEDRIC MITCHELL attorney's fees and costs;

(d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### 42 U.S.C. § 1983, False Arrest/Imprisonment

52. Plaintiff MAURICE MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

53. Plaintiff MAURICE MITCHELL was placed in handcuffs by the Defendant-Officers.

54. Plaintiff MAURICE MITCHELL was not free to leave.

55. The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

56. Plaintiff MAURICE MITCHELL was handcuffed and arrested without probable cause or legal justification.

57. The action of Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in seizing Plaintiff MAURICE MITCHELL without any legal justification or probable cause, violated Plaintiff's Forth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

WHEREFORE, Plaintiff MAURICE MITCHELL ask that this Honorable Court:

a) Enter judgment against the individual Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN ;

b) Award compensatory and punitive damages to Plaintiff MAURICE MITCHELL against the Defendant-Officers, as determined at trial;

c) Award Plaintiff MAURICE MITCHELL attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT III
### 42 U.S.C. § 1983, Excessive Force

58. Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

59. During the course of the arrest described above, Defendant-Officers punched, slapped, beat, kicked and/or roughed up the Plaintiff CEDRIC MITCHELL, during which time one of the officers sprayed pepper-spray in Plaintiff CEDRIC MITCHELL's face while he was already in handcuffs.

60. The actions of Defendant-Officers violated Plaintiff CEDRIC MITCHELL's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff CEDRIC MITCHELL ask that this Honorable Court:

a) Enter judgment against said Defendants;

b) Award compensatory and punitive damages to Plaintiff CEDRIC MITCHELL against said Defendants, as determined at trial;

c) Award Plaintiff CEDRIC MITCHELL attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
## Supplementary State Law Claim for Battery For RENITA SCOTT

61. Plaintiff RENITA SCOTT realleges paragraphs 1 through 44 as if fully set forth herein.

62. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was offensive, without justification, and without consent.

63. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was intentional and willful and wanton.

64. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was undertaken with malice, willfulness and reckless indifference to the rights of others.

65. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff RENITA SCOTT to be elbowed in the eye, Plaintiff RENITA SCOTT has suffered and continues to suffer great damages including pain and suffering stemming from the abrasion above her eye, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

WHEREFORE, Plaintiff RENITA SCOTT asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff RENITA SCOTT against said Defendant-Officer, as determined at trial;

c) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### Supplementary State Law Claim for Battery For CATHY MITCHELL

66. Plaintiff CATHY MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

67. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was offensive, without justification, and without consent.

68. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was intentional and willful and wanton.

69. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was

undertaken with malice, willfulness and reckless indifference to the rights of others.

70. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff CATHY MITCHELL to be shoved, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff against said Defendant-Officer, as determined at trial;

c) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### Supplementary State Law Claim for Battery For RENITA WILLIAMS

71. Plaintiff RENITA WILLIAMS realleges paragraphs 1 through 44 as if fully set forth herein.

72. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was offensive, without justification, and without consent.

73. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was intentional and willful and wanton.

74. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was undertaken with malice, willfulness and reckless indifference to the rights of others.

75. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff

RENITA WILLIAMS to be shoved and restrained, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award compensatory and punitive damages to Plaintiff against said Defendant-Officer, as determined at trial;

c) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### State Claim for Respondeat Superior

76. Plaintiffs reallege paragraphs 1 through 44 as if fully set forth herein.

77. The acts of the Defendant-Officers described in the state claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### Indemnification Claim pursuant to 745 ILCS 10/9-102

78. Plaintiff reallege paragraphs 1 through 44 as if fully set forth herein.

79. At all times material to this Complaint, the Defendant-Officers were employees of Defendant CITY OF CHICAGO.

80. The above-described acts of the Defendant-Officers were willful and wanton.

81. The above-described acts of the Defendant-Officers were committed in the scope of their employment.

82. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers, for any judgment entered in this case arising from the actions of the Defendant-officers.

**Plaintiffs demand trial by jury on all counts.**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
Lawrence V. Jackowiak
*Attorney for Plaintiffs*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
33 North LaSalle Street - Suite 2700
Chicago, Illinois 60602
(312) 795-9595