**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MITCHELL, CEDRIC, et. al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.  05 C 6619 |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE LINDBERG |
| et al., | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS PIWNICKI'S, RIGAN'S AND MARTIN'S**
**ANSWERS TO PLAINTIFFS' COMPLAINT, THEIR 12(b)(6) DEFENSES,**
**AFFIRMATIVE DEFENSES AND JURY DEMAND**

Chicago Police Officers Raymond Piwnicki, Keith Rigan and Anthony Martin, by one of

their attorneys, Marcelle M. LeCompte, Assistant Corporation Counsel for the City of Chicago,

answer[1] Plaintiffs' Complaint as follows:

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and
the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:    Officers Piwnicki, Rigan and Martin deny that Plaintiffs have put forth a**

**meritorious action but admit the remaining allegations contained in paragraph 1.**

2.    Jurisdiction for Plaintiffs' federal claim is based on 28 U.S.C. §§ 1331 and 1343.
Jurisdiction for Plaintiff's (sic) state claims is based on supplemental jurisdiction pursuant to 28
U.S.C. § 1367(a).

**ANSWER:    Officers Piwnicki, Rigan and Martin deny that Plaintiffs have put forth a**

**meritorious action but admit the remaining allegations contained in paragraph 2.**

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims

---

[1] Officers Piwnicki, Rigan and Martin provide answers to Plaintiffs' Complaint for
themselves only and do not answer on behalf of any other named or unnamed officers.

arose in this district as alleged below.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny that Plaintiffs have put forth a**

**meritorious action but admit the remaining allegations contained in paragraph 3.**

Parties

4.      Plaintiffs CEDRIC MITCHELL, MAURICE MITCHELL, CATHY MITCHELL, RENITA WILLIAMS, AND RENITA SCOTT are citizens of the United States and of the State of Illinois, and are residents of the County of Cook, and the City of Chicago.

**ANSWER:     Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 4.**

5.      Defendant Police Officers are duly appointed and sworn City of Chicago police officers.  At all times material to this complaint, the Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

**ANSWER:     Officers Piwnicki, Rigan and Martin admits the allegations in paragraph 5.**

6.      The Defendant-Officers are sued in their individual capacities.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 6.**

7.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 7.**

Facts

8.      On November 19, 2004, Plaintiff MAURICE MITCHELL left the residence located at 3604 West Douglas Boulevard, 3rd floor, Chicago, Illinois, County of Cook, to do some grocery shopping.

**ANSWER:     Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 8.**

9.      When Plaintiff MAURICE MITCHELL got downstairs, Plaintiff CATHY MITCHELL dropped $10.00 from the third floor to Plaintiff MAURICE MITCHELL for him to

2

use for groceries.

**ANSWER:** **Officers Piwnicki, Rigan and Martin lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.**

10.    Plaintiff picked up the $10.00.

**ANSWER:** **Officers Piwnicki, Rigan and Martin lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.**

11.    The Defendant-Officers, or some of them, then approached Plaintiff MAURICE MITCHELL.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations regarding any contact with Plaintiff on November 19, 2004, however, Officers Piwnicki, Rigan and Martin admits that on November 20, 2004, they approached Plaintiff Maurice Mitchell.[2]**

12.    The Defendant-Officers told Plaintiff MAURICE MITCHELL to "stop," and to put his "hands up."

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 12.**

13.    Plaintiff was not free to leave.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 13.**

14.    The Defendant-Officers, or some of them, searched Plaintiff's person.

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit that eventually, on November 20, 2004, Plaintiff Maurice Mitchell was searched.**

15.    Plaintiff was searched without legal justification or probable cause.

---

[2] The remaining answers to Plaintiffs' Complaint that are provided by Officers Piwnicki, Rigan and Martin are all in response to contact had, or allegedly had, on November 20, 2004. Officers Piwnicki, Rigan and Martin deny any contact with any of the Plaintiffs on November 19, 2004 at any time.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 15.**

16.    During this time, Plaintiff CEDRIC MITCHELL observed his cousin, Plaintiff MAURICE MITCHELL, getting searched by the Defendant-Officers.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 16.**

17.    Plaintiff CEDRIC MITCHELL approached the Defendant-Officers and asked them what was going on.

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 17.**

18.    The Defendant-Officers told Plaintiff CEDRIC MITCHELL to "shut up and go back upstairs."

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit that they told Plaintiff Cedric Mitchell to go back upstairs but Officers Piwnicki, Rigan and Martin deny the remaining allegations contained in paragraph 18.**

19.    Plaintiff CEDRIC MITCHELL moved away from these Defendant-Officers.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 19.**

20.    One of the Defendant-Officers walked toward Plaintiff CEDRIC MITCHELL, pushed him, and told him: "I said go upstairs."

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 20.**

21.    The same Defendant-Officer then pulled out his handcuffs and threatened to hit Plaintiff CEDRIC MITCHELL with his handcuffs.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 21.**

22.    The defendant-Officers then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 22.**

23.    Plaintiff CEDRIC MITCHELL was able to get away from the Defendant-Officer and go back into his residence on the 3rd floor of 3604 West Douglas Boulevard.

4

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit that Plaintiff Cedric Mitchell eventually went back into the third floor apartment located at 3604 West Douglas Boulevard. Officers Piwnicki, Rigan and Martin lack knowledge or information sufficient to form a belief as to the truth as to whether that address was Plaintiff Cedric Mitchell's residence. Officers Piwnicki, Rigan and Martin deny the remaining allegations contained in paragraph 23.**

24. At about this time, Plaintiff MAURICE MITCHELL was handcuffed and placed in the back of the police car.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations contained in paragraph 24.**

25. Plaintiff MAURICE MITCHELL was under arrest and not free to leave.

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit, that eventually, on November 20, 2004, Plaintiff Maurice Mitchell was placed under arrest and was not free to leave.**

26. The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

**ANSWER:** **Officers Piwnicki, Rigan and Martin admit the allegation in paragraph 26.**

27. Plaintiff MAURICE MITCHELL was arrested without any legal justification or probable cause.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 27.**

28. Plaintiffs CEDRIC MITCHELL, CATHY MITCHELL, RENITA WILLIAMS and RENITA SCOTT lived in the residence at 3604 West Douglas Boulevard, 3rd floor.

**ANSWER:** **Officers Piwnicki, Rigan and Martin, upon information and belief, admit that Plaintiff Maurice Mitchell lived at 3604 West Douglas Boulevard, 3rd floor. Officers Piwnicki, Rigan and Martin lack knowledge or information sufficient to form a belief as to**

5

the truth of the remaining allegations contained in paragraph 28.

29.    Plaintiffs CATHY MITHCELL and RENITA SCOTT were inside the residence when Plaintiff CEDRIC MITCHELL came back in.

**ANSWER:    Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 29.**

30.    After Plaintiff CEDRIC MITCHELL went inside, the Defendant-Officers, or some of them, kicked in the front door and entered the residence.

**ANSWER:    Officers Piwnicki, Rigan and Martin admit that after Plaintiff Cedric**

**Mitchell entered the residence, they kicked in the back door and entered the residence.**

**Officers Piwnicki, Rigan and Martin deny the remianing allegations contained in**

**paragraph 30.**

31.    Once the Defendant-Officers entered the residence, the Plaintiffs and the children in the residence were not free to leave.

**ANSWER:    Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 31.**

32.    The Defendant-Officers, or some of them, then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

**ANSWER:    Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 32.**

33.    The Defendant-Officers, or some of them, held Plaintiff CEDRIC MITCHELL on the ground and put handcuffs on him.

**ANSWER:    Officers Piwnicki, Rigan and Martin admit the allegations contained in**

**paragraph 33.**

34.    Plaintiff CEDRIC MITCHELL was also grabbed by his hair and pepper-sprayed him.(sic)

**ANSWER:    Officers Piwnicki, Rigan and Martin admit that, prior to entering the**

**residence on November 20, 2004, Plaintiff CEDRIC MITCHELL was sprayed with O-C**

6

spray, but deny the remaining allegations contained in paragraph 34.

35.     A Defendant-Officer elbowed eight-year old Plaintiff RENITA SCOTT in the eye during the altercation with Plaintiff CEDRIC MITCHELL.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 35.**

36.     Plaintiffs RENITA WILLIAMS, and CATHY MITCHELL were shoved by one or more of the Defendant-Officers during the altercation with Plaintiff CEDRIC MITCHELL.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegation in paragraph 36.**

37.     Plaintiff CATHY MITCHELL called 911 and reported that police officers were beating her son Plaintiff CEDRIC MITCHELL.

**ANSWER:     Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 37.**

38.     Defendant-Officers took Plaintiff CEDRIC MITCHELL to a police car.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations contained in**

**paragraph 38.**

39.     Defendant-Officers did not wash the pepper-spray out of Plaintiff CEDRIC MITCHELL's eyes for three hours.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 39.**

40.     After the incident, Plaintiff CEDRIC MITHCELL sought medical attention at Cook County Hospital, 1900 West Polk Street, Chicago, for his eyes.

**ANSWER:     Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of the allegations contained in paragraph 40.**

41.     Plaintiff MAURICE MITCHELL was charged with resisting or obstructing a peace officer, in the case of <u>People v. Maurice Mitchell</u>, Cook County Circuit Court, Case No.: 04130466701.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that Plaintiff Maurice Mitchell**

7

was charged with resisting or obstructing a peace officer, in the case of <u>People v. Maurice</u>

<u>Mitchell</u>, Cook County Circuit Court, Case No.: 04130467701, but deny the remaining

allegations contained in paragraph 41.

42.     Plaintiff CEDRIC MITCHELL was charged with resisting or obstructing a peace
officer and aggravated assault, in the case of <u>People v. Cedric Mitchell</u>, Cook County Circuit
Court, Case No.: 04130467601.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 42.**

43.     On January 19, 2005, both cases were dismissed.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegations contained in**

**paragraph 43.**

44.     As a direct and proximate result of the acts of the Defendants described above,
Plaintiffs have suffered and continue to suffer great damages including, loss of their physical
liberty, embarrassment and emotional distress, pain and suffering, mental anguish and
humiliation, and other nonpecuniary losses.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 44.**

## COUNT I
### 42 U.S.C. § 1983, False Arrest/Imprisonment

45.     Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set
forth herein.

**ANSWER:     Officers Piwnicki, Rigan and Martin incorporate their answers to**

**paragraphs 1 through 44 as their answer to paragraph 45 as though fully set forth herein**.

46.     The Defendant-Officers, or some of them, forced their way into Plaintiff CEDRIC
MITCHELL's residence with the intent of arresting him.

**ANSWER:     Officers Piwnicki, Rigan and Martin lack knowledge or information**

**sufficient to form a belief as to the truth of whether Plaintiff Cedric Mitchell resided at**

**3604 West Douglas Boulevard, 3rd floor, but admit that they forced their way into that location with the intent of arresting Plaintiff Cedric Mitchell.**

47.     Plaintiff CEDRIC MITCHELL was placed in handcuffs by the Defendant-Officers.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that Officers Piwnicki and Rigan handcuffed Plaintiff Cedric Mitchell.**

48.      Plaintiff CEDRIC MITCHELL was not free to leave.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that, after he was arrested, Plaintiff Cedric Mitchell was not free to leave.**

49.     The Defendant-Officers did not have an arrest warrant for Plaintiff CEDRIC MITCHELL.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 49.**

50.     Plaintiff CEDRIC MITCHELL was handcuffed and arrested without probable cause or legal justification.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 50.**

51.     The actions of Defendant Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in arresting Plaintiff CEDRIC MITCHELL without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 51.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant judgment in their favor and against Plaintiffs as to Count I and award costs and fees and other relief as is deemed just and proper by this Court.**

9

## COUNT II
## 42 U.S.C. § 1983, False Arrest/Imprisonment

52.     Plaintiff MAURICE MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:     Officers Piwnicki, Rigan and Martin incorporate their answers to paragraphs 1 through 44 as their answer to paragraph 52 as though fully set forth herein.**

53.     Plaintiff MAURICE MITCHELL was placed in handcuffs by the Defendant-Officers.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that, eventually, Plaintiff Maurice Mitchell was handcuffed.**

54.      Plaintiff MAURICE MITCHELL was not free to leave.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that, after he was placed under arrest, Plaintiff Maurice Mitchell was not free to leave.**

55.     The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 55.**

56.     Plaintiff MAURICE MITCHELL was handcuffed and arrested without probable cause or legal justification.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny the allegations in paragraph 56.**

57.     The actions of Defendant Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in arresting Plaintiff MAURICE MITCHELL without any legal justification or probable cause, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 57.**

10

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant judgment in their favor and against Plaintiffs as to Count II and award costs and fees and other relief as is deemed just and proper by this Court.**

**COUNT III**
**42 U.S.C. § 1983, Excessive Force**

58.    Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:    Officers Piwnicki, Rigan and Martin incorporate their answers to paragraphs 1 through 44 as their answer to paragraph 58 as though fully set forth herein**.

59.    During the course of the arrest described above, Defendant-Officers punched, slapped, beat, kicked and/or roughed up the Plaintiff CEDRIC MITCHELL, during which time one of the officers sprayed pepper-spray in Plaintiff CEDRIC MITCHELL's face while he was already in handcuffs.

**ANSWER:    Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 59.**

60.    The actions of Defendant-Officers violated Plaintiff CEDRIC MITCHELL's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:    Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 60.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant judgment in their favor and against Plaintiffs as to Count III and award costs and fees and other relief as is deemed just and proper by this Court.**

**COUNT IV**
**Supplementary State Law Claim for Battery For RENITA SCOTT**

61.    Plaintiff RENITA SCOTT realleges paragraphs 1 through 44 as if fully set forth

11

herein.

**ANSWER:** **Officers Piwnicki, Rigan and Martin incorporate their answers to**

**paragraphs 1 through 44 as their answer to paragraph 61 as though fully set forth herein**.

62. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was offensive, without justification, and without consent.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 62.**

63. The Defendant-Officer's (sic) physical contact with Plaintiff RENITA SCOTT was intentional and willful and wanton.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 63.**

64. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 64.**

65. As a proximate result of the Defendant-officer's conduct, causing Plaintiff RENITA SCOTT to be elbowed in the eye, Plaintiff RENITA SCOTT has suffered and continues to suffer great damages including pain and suffering stemming from the abrasion above her eye, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:** **Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 65.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant**

**judgment in their favor and against Plaintiffs as to Count IV and award costs and fees and**

**other relief as is deemed just and proper by this Court.**

## COUNT V
## Supplementary State Law Claim for Battery For CATHY MITHCELL

66.     Plaintiff CATHY MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:     Officers Piwnicki, Rigan and Martin incorporate their answers to**

**paragraphs 1 through 44 as their answer to paragraph 66 as though fully set forth herein**.

67.     The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was offensive, without justification, and without consent.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 67.**

68.     The Defendant-Officers physical contact with Plaintiff CATHY MITCHELL was intentional and willful and wanton.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 68.**

69.     The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 69.**

70.     As a proximate result of the Defendant-Officer's conduct, causing Plaintiff CATHY MITCHELL to be shoved, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of**

**conduct and deny the remaining allegations contained in paragraph 70.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant**

**judgment in their favor and against Plaintiffs as to Count V and award costs and fees and**

13

other relief as is deemed just and proper by this Court.

## COUNT VI
### Supplementary State Law Claim for Battery For RENITA WILLIAMS

71.     Plaintiff RENITA WILLIAMS realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:     Officers Piwnicki, Rigan and Martin incorporate their answers to paragraphs 1 through 44 as their answer to paragraph 71 as though fully set forth herein**.

72.     The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was offensive, without justification, and without consent.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 72.**

73.     The Defendant-Officers physical contact with Plaintiff RENITA WILLIAMS was intentional and willful and wanton.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 73.**

74.     The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 74.**

75.     As a proximate result of the Defendant-Officer's conduct, causing Plaintiff RENITA WILLIAMS to be shoved and restrained, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 75.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant**

14

judgment in their favor and against Plaintiffs as to Count VI and award costs and fees and other relief as is deemed just and proper by this Court.

## COUNT VII
### State Claim for Respondeat Superior

76.     Plaintiffs reallege paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:    Officers Piwnicki, Rigan and Martin incorporate their answers to paragraphs 1 through 44 as their answer to paragraph 76 as though fully set forth herein**.

77.     The acts of the Defendant-Officers described in the state claims specified above, were willful and wanton, and committed in the scope of their employment.  Therefore, as principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

**ANSWER:    Officers Piwnicki, Rigan and Martin, upon information and belief, admit that under the collective bargaining agreement between their union and the City of Chicago, the City of Chicago would be liable for any judgments entered against them. Officers Piwnicki, Rigan and Martin admit that at all relevant times they were acting within the scope of their employment but deny that they engaged in the complained of conduct and deny liability.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant judgment in their favor and against Plaintiffs as to Count VII and award costs and fees and other relief as is deemed just and proper by this Court.**

## COUNT VIII
### Indemnification Claim pursuant to 745 ILCS 10/9-102

78.     Plaintiff (sic) reallege paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:    Officers Piwnicki, Rigan and Martin incorporate their answers to**

15

paragraphs 1 through 44 as their answer to paragraph 78 as though fully set forth herein.

79.     At all times material to this Complaint, Defendant-Officers were employees of Defendant CITY OF CHICAGO.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit the allegations in paragraph 79.**

80.     The above-described acts of Defendant-Officers were willful and wanton.

**ANSWER:     Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny the remaining allegations contained in paragraph 80.**

81.     The above-described acts of Defendant-Officers were committed in the scope of their employment.

**ANSWER:     Officers Piwnicki, Rigan and Martin admit that at all relevant times they acted within the scope of their employment but deny engaging in the complained of conduct.**

82.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of Defendant-Officers.

**ANSWER:     Officers Piwnicki, Rigan and Martin, upon information and belief, admit that under the collective bargaining agreement between their union and the City of Chicago, the City of Chicago would be liable for any judgments entered against them. However, Officers Piwnicki, Rigan and Martin deny engaging in the complained of conduct and deny liability.**

**WHEREFORE, Officers Piwnicki, Rigan and Martin request that this Court grant judgment in their favor and against Plaintiffs as to Count VI and award costs and fees and other relief as is deemed just and proper by this Court.**

16

## JURY DEMAND

Officers Piwnicki, Rigan and Martin respectfully request a trial by jury.

## 12(b)(6) DEFENSES and AFFIRMATIVE DEFENSES

1.      An award of punitive damages would deprive Officers Piwnicki, Rigan and

Martin of due process of law in violation of the Fifth and Fourteenth Amendments to the United

States Constitution where:

      a.      liability for punitive damages has not been proven beyond a reasonable

doubt, or at least by clear and convincing evidence;

      b.      the award of punitive damages is disproportionate to actual damages.

2.      Punitive damages under section 1983 violate the due process clause of the Fifth

and Fourteenth Amendment to the United States Constitution and are void for vagueness for

failing to specify (1) what sort of conduct gives rise to liability for such damages and (2) the

maximum fine.

3.      Officers Piwnicki, Rigan and Martin are government officials who perform

discretionary functions.  At all times material to the events alleged in plaintiffs' complaint, a

reasonable police officer objectively viewing the facts and circumstances that confronted Officers

Piwnicki, Rigan and Martin, could have believed his or her actions to be lawful, in light of

clearly established law and the information that Officers Piwnicki, Rigan and Martin possessed.

Officers Piwnicki, Rigan and Martin, therefore, are entitled to qualified immunity as a matter of

law.

4.      Under the Illinois Tort Immunity Act, Officers Piwnicki, Rigan and Martin are not

liable for any of the state law claims alleged because a public employee is not liable for his or her

17

acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

5.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy or the exercise of discretion. 745 ILCS 10/2-201.

6.      Officers Piwnicki, Rigan and Martin are not liable for any of Plaintiffs' alleged claims because they are public employees who were acting within the scope of their employment, and, as such, are not liable for an injury caused by the act or ommission of another person. 745 ILCS 10/2-204.

7.      Officers Piwnicki, Rigan and Martin are not liable for any of Plaintiffs' alleged claims because they are public employees who were acting within the scope of their employment, and, as such, are not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209.

8.      Any injuries or damages claimed by Plaintiffs against Officers Piwnicki, Rigan and Martin were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiffs. Even if Officers Piwnicki, Rigan and Martin were liable in damages, the total amount of damages to which Plaintiffs would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiffs' which were the proximate cause of their injuries.

9.      Officers Piwnicki, Rigan and Martin were justified in the use of force against Palintiffs because they reasonably believed that such force was necessary to defend themselves or

18

others against Plaintiffs' immenent use of unlawful force. 720 ILCS 5/7-1.

       10.    Officers Piwnicki, Rigan and Martin were justified in the use of force against Plaintiffs because they reasonably believed that such force was necessary to effect arrest. 720 ILCS 5/7-5.

       11.    A private person is not authorized to use force to resist an arrest which he or she knows is being made by a peace officer even if he or she believes the arrest is unlawful.  720 ILCS 5/7-7.

                      Respectfully submitted,

                      /s/Marcelle M. LeCompte
                      MARCELLE M. LeCOMPTE
                      Assistant Corporation Counsel

Suite 1400
30 N. LaSalle Street
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No.: 06225428