UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CEDRIC MITCHELL;** | ) | |
| **MAURICE MITCHELL;** | ) | |
| **CATHY MITCHELL;** | ) | |
| **RENITA WILLIAMS; and** | ) | No. 05 C 6619 |
| **RENITA SCOTT, a minor,** | ) | |
| **by and through Renita Williams,** | ) | Judge Lindberg |
| **her mother and next best friend;** | ) | |
| | ) | Magistrate Judge Valdez |
| **Plaintiffs,** | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF CHICAGO, a** | ) | Jury Demand |
| **Municipal Corporation;** | ) | |
| **Chicago Police Officers** | ) | |
| **RAYMOND PIWNICKI, star 7858;** | ) | |
| **ANTHONY MARTIN, star 14313;** | ) | |
| **KEITH RIGAN, star 19567;** | ) | |
| **and UNKNOWN CHICAGO POLICE** | ) | |
| **OFFICERS John Does and** | ) | |
| **Jane Roes 1-10;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER,
DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers the Complaint, and states:

1.  This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** The City admits that the allegations of the plaintiffs are brought under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§1331 and 1343. Jurisdiction for Plaintiff's [sic] state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** The City admits that this Court has jurisdiction over plaintiffs' allegations.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** The City admits that venue is proper.

**Parties**

4. Plaintiffs CEDRIC MITCHELL, MAURICE MITCHELL, CATHY MITCHELL, RENITA WILLIAMS, and RENITA SCOTT are citizens of the United States and of the State of Illinois, and are residents of the County of Cook, and the City of Chicago.

**ANSWER:** On information and belief, the City admits the allegations of paragraph 4.

5. Defendant Police Officers are duly appointed and sworn City of Chicago police officers. At all times material to this complaint, the Defendant-Officers were acting in the course and scope of their employment and under color of state law, ordinance and/or regulation.

**ANSWER:** With respect to the named officers Piwnicki, Martin, and Rigan, the City admits the allegations of paragraph 5. The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 5 as they apply to the unknown officers named in the complaint, and therefore denies them.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** The City admits the allegations of paragraph 6.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under

the laws of the State of Illinois. With respect to the named officers Piwnicki, Martin, and Rigan, the City admits the allegations of paragraph 7. The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 7 as they apply to the unknown officers named in the complaint, and therefore denies them.

**Facts**

8. On November 19, 2004, Plaintiff MAURICE MITCHELL left the residence located at 3604 West Douglas Boulevard, 3rd floor, Chicago, Illinois, County of Cook, to do some grocery shopping.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 8, and therefore denies them.

9. When Plaintiff MAURICE MITCHELL got downstairs, Plaintiff CATHY MITCHELL dropped $10.00 from the 3rd floor to Plaintiff MAURICE MITCHELL for him to use for groceries.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 9, and therefore denies them.

10. Plaintiff picked-up the $10.00.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10, and therefore denies them.

11. The Defendant-Officers, or some of them, then approached Plaintiff MAURICE MITCHELL.

**ANSWER:** The City admits that the named officers Piwnicki, Martin, and Rigan approached Maurice Mitchell on November 20, 2004, but deny that they did so on November 19,

2004.[1] The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11 as they apply to the unknown officers named in the complaint, and therefore denies them.[2]

    12.    The Defendant-Officers told Plaintiff MAURICE MITCHELL to "stop," and to put his "hands up."

    **ANSWER:**    The City denies the allegations of paragraph 12.

    13.    Plaintiff was not free to leave.

    **ANSWER:**    The City denies the allegations of paragraph 13.

    14.    The Defendant-Officers, or some of them, searched Plaintiff's person.

    **ANSWER:**    The City admits the allegations of paragraph 14.

    15.    Plaintiff was searched without legal justification or probable cause.

    **ANSWER:**    The City denies the allegations of paragraph 15.

    16.    During this time, Plaintiff CEDRIC MITCHELL observed his cousin, Plaintiff MAURICE MITCHELL, getting searched by the Defendant-Officers.

    **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16, and therefore denies them.

---

[1] The City answers the remaining allegations of this complaint with respect to the plaintiffs' alleged contact with the named officers on November 20, 2004. The City denies that the plaintiff had any interaction with the named officers on November 19, 2004.

[2] The City answers the remaining allegations of this complaint with respect to the "Defendant-Officers" as to the named defendant officers, Piwnicki, Rigan, and Martin. The City lacks sufficient knowledge or information to form a belief about any of the allegations against unknown and unnamed officers in plaintiffs' complaint, and therefore denies them.

17. Plaintiff CEDRIC MITCHELL approached the Defendant-Officers and asked them what was going on.

**ANSWER:** The City admits the allegations of paragraph 17.

18. The Defendant-Officers told Plaintiff CEDRIC MITCHELL to "shut up and go back upstairs."

**ANSWER:** The City admits that the named defendant officers Piwnicki, Rigan, and Martin told Cedric Mitchell to go back to upstairs, but denies the remaining allegations of paragraph 18.

19. Plaintiff CEDRIC MITCHELL moved away from these Defendant-Officers.

**ANSWER:** The City denies the allegations of paragraph 19.

20. One of the Defendant-Officers walked toward Plaintiff CEDRIC MITCHELL, pushed him, and told him: "I said go upstairs."

**ANSWER:** The City denies the allegations of paragraph 20.

21. The same Defendant-Officer then pulled out his handcuffs and threatened to hit Plaintiff CEDRIC MITCHELL with his handcuffs.

**ANSWER:** The City denies the allegations of paragraph 21.

22. The Defendant-Officer then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City denies the allegations of paragraph 22.

23. Plaintiff CEDRIC MITCHELL was able to get away from the Defendant-Officer and go back into his residence on the 3rd floor of 3604 West Douglas Boulevard.

**ANSWER:** The City admits that Cedric Mitchell eventually went to the third floor of

the 3604 West Douglas Boulevard, but lacks knowledge or information sufficient to form a belief as to whether or not this was his residence, and therefore denies this allegation. The City denies the remainder of the allegations in paragraph 23.

24. At about this time, Plaintiff MAURICE MITCHELL was handcuffed and placed into the back of the police car.

**ANSWER:** The City denies the allegations of paragraph 24.

25. Plaintiff MAURICE MITCHELL was under arrest and not free to leave.

**ANSWER:** The City admits that Maurice Mitchell was arrested on November 20, 2004.

26. The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

**ANSWER:** The City admits the allegations of paragraph 26.

27. Plaintiff MAURICE MITCHELL was arrested without any legal justification or probable cause.

**ANSWER:** The City denies the allegations of paragraph 27.

28. Plaintiffs CEDRIC MITCHELL, CATHY MITCHELL, RENITA WILLIAMS and RENITA SCOTT lived in the residence at 3604 West Douglas Boulevard, 3rd floor.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28, and therefore denies them.

29. Plaintiffs CATHY MITCHELL and RENITA SCOTT were inside the residence when Plaintiff CEDRIC MITCHELL came back in.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to

the allegations of paragraph 29, and therefore denies them.

30. After Plaintiff CEDRIC MITCHELL went inside, the Defendant-Officers, or some of them, kicked in the front door and entered the residence.

**ANSWER:** The City admits that after Cedric Mitchell entered the apartment, the named defendants kicked in the back door and entered the residence. The City denies the remaining allegations of paragraph 30.

31. Once the Defendant-Officers entered the residence, the Plaintiffs and the children in the residence were not free to leave.

**ANSWER:** The City denies the allegations of paragraph 31.

32. The Defendant-Officers, or some of them, then hit, slapped, beat, kicked and/or roughed up Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City denies the allegations of paragraph 32.

33. The Defendant-Officers, or some of them, held Plaintiff CEDRIC MITCHELL on the ground and put handcuffs on him.

**ANSWER:** The City admits the allegations of paragraph 33.

34. Plaintiff CEDRIC MITCHELL was also grabbed by his hair and pepper-sprayed him. [sic]

**ANSWER:** The City admits that prior to his entrance into the apartment, Cedric Mitchell was sprayed with O-C spray, but denies the remainder of the allegations in paragraph 34.

35. A Defendant-Officer elbowed eight-year old Plaintiff RENITA SCOTT in the eye during the altercation with Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City denies the allegations of paragraph 35.

36. Plaintiffs RENITA WILLIAMS and CATHY MITCHELL were shoved by one or more of the Defendant-Officers during the altercation with Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City denies the allegations of paragraph 36.

37. Plaintiff CATHY MITCHELL called 911 and reported that police officers were beating her son Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations asserted in paragraph 37, and therefore denies them.

38. Defendant-Officers took Plaintiff CEDRIC MITCHELL to a police car.

**ANSWER:** The City admits the allegations of paragraph 38.

39. Defendant-Officers did not wash the pepper-spray out of Plaintiff CEDRIC MITCHELL'S eyes for three hours.

**ANSWER:** The City denies the allegations of paragraph 39.

40. After the incident, Plaintiff CEDRIC MITCHELL sought medical attention at Cook County Hospital, 1900 West Polk Street, Chicago, for his eyes.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the allegations asserted in paragraph 40, and therefore denies them.

41. Plaintiff MAURICE MITCHELL was charged with resisting or obstructing a peace officer, in the case of <u>People v. Maurice Mitchell</u>, Cook County Circuit Court, Case No.: 04130466701.

**ANSWER:** The City admits that Maurice Mitchell was charged with resisting or

obstructing a peace officer in the case of <u>People v. Maurice Mitchell</u>, Cook County Circuit Court, Case No. 04130467701, but denies the remainder of the allegations in paragraph 41.

    42     Plaintiff CEDRIC MITCHELL was charged with resisting or obstructing a peace officer and aggravated assault, in the case of <u>People v. Cedric Mitchell</u>, Cook County Circuit Court, Case No.: 04130467601.

    **ANSWER:**    The City admits the allegations of paragraph 42.

    43.     On January 19, 2005, both cases were dismissed.

    **ANSWER:**    The City denies the allegations of paragraph 43.

    44.     As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer great damages including, loss of their physical liberty, embarrassment and emotional distress, pain and suffering, mental anguish and humiliation, and other nonpecuniary losses.

    **ANSWER:**    The City denies the allegations of paragraph 44.

## COUNT I
### 42 U.S.C. § 1983, False Arrest/Imprisonment

    45.     Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

    **ANSWER:**    The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

    46.     The Defendant-Officers, or some of them, forced their way into Plaintiff CEDRIC MITCHELL'S residence with the intent of arresting him.

    **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to whether or not Cedric Mitchell resided on the third floor of the 3604 W. Douglas Blvd.

apartment, but admits that the named officers forced their way into that location with the intent of arresting him.

47. Plaintiff CEDRIC MITCHELL was placed in handcuffs by the Defendant-Officers.

**ANSWER:** The City admits the allegations of paragraph 47.

48. Plaintiff CEDRIC MITCHELL was not free to leave.

**ANSWER:** The City admits that after Cedric Mitchell was placed under arrest, he was not free to leave.

49. The Defendant-Officers did not have an arrest warrant for Plaintiff CEDRIC MITCHELL.

**ANSWER:** The City admits the allegations in paragraph 49.

50. Plaintiff CEDRIC MITCHELL was handcuffed and arrested without probable cause or legal justification.

**ANSWER:** The City denies the allegations of paragraph 50.

51. The actions of Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in arresting Plaintiff CEDRIC MITCHELL without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:** The City denies the allegations of paragraph 51.

## COUNT II
## 42 U.S.C. § 1983, False Arrest/Imprisonment

52. Plaintiff MAURICE MITCHELL realleges paragraphs 1 through 44 as if fully set

forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

53. Plaintiff MAURICE MITCHELL was placed in handcuffs by the Defendant-Officers.

**ANSWER:** The City admits the allegations of paragraph 53.

54. Plaintiff MAURICE MITCHELL was not free to leave.

**ANSWER:** The City admits that after he was placed under arrest, plaintiff Maurice Mitchell was not free to leave.

55. The Defendant-Officers did not have an arrest warrant for Plaintiff MAURICE MITCHELL.

**ANSWER:** The City admits the allegations of paragraph 55.

56. Plaintiff MAURICE MITCHELL was handcuffed and arrested without probable cause or legal justification.

**ANSWER:** The City denies the allegations of paragraph 56.

57. The action of Defendant-Officers RAYMOND PIWNICKI, ANTHONY MARTIN, and KEITH RIGAN in seizing Plaintiff MAURICE MITCHELL without any legal justification or probable cause, violated Plaintiffs [sic] Forth [sic] Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches and seizures.

**ANSWER:** The City denies the allegations of paragraph 57.

**COUNT III**
**42 U.S.C.§ 1983, Excessive Force**

58. Plaintiff CEDRIC MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

59. During the course of the arrest described above, Defendant-Officers punched, slapped, beat, kicked and/or roughed up the Plaintiff CEDRIC MITCHELL, during which time one of the officers sprayed pepper-spray in Plaintiff CEDRIC MITCHELL'S face while he was already in handcuffs.

**ANSWER:** The City denies the allegations of paragraph 59.

60. The actions of Defendant-Officers violated Plaintiff CEDRIC MITCHELL'S Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** The City denies the allegations of paragraph 60.

### COUNT IV
### Supplementary State Law Claim for Battery For RENITA SCOTT

61. Plaintiff RENITA SCOTT realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

62. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was offensive, without justification, and without consent.

**ANSWER:** The City denies the allegations of paragraph 62.

63. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was intentional and willful and wanton.

**ANSWER:** The City denies the allegations of paragraph 63.

64. The Defendant-Officer's physical contact with Plaintiff RENITA SCOTT was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** The City denies the allegations of paragraph 64.

65. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff RENITA SCOTT to be elbowed in the eye, Plaintiff RENITA SCOTT has suffered and continues to suffer great damages including pain and suffering stemming from the abrasion above her eye, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:** The City denies the allegations of paragraph 65.

## COUNT V
### Supplementary State Law Claim for Battery For CATHY MITCHELL

66. Plaintiff CATHY MITCHELL realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

67. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was offensive, without justification, and without consent.

**ANSWER:** The City denies the allegations of paragraph 67.

68. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was intentional and willful and wanton.

**ANSWER:** The City denies the allegations of paragraph 68.

69. The Defendant-Officer's physical contact with Plaintiff CATHY MITCHELL was

undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** The City denies the allegations of paragraph 69.

70. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff CATHY MITCHELL to be shoved, Plaintiff has suffered and continues to suffer great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:** The City denies the allegations of paragraph 70.

## COUNT VI
## Supplementary State Law Claim for Battery For RENITA WILLIAMS

71. Plaintiff RENITA WILLIAMS realleges paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

72. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was offensive, without justification, and without consent.

**ANSWER:** The City denies the allegations of paragraph 72.

73. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was intentional and willful and wanton.

**ANSWER:** The City denies the allegations of paragraph 73.

74. The Defendant-Officer's physical contact with Plaintiff RENITA WILLIAMS was undertaken with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** The City denies the allegations of paragraph 74.

75. As a proximate result of the Defendant-Officer's conduct, causing Plaintiff RENITA WILLIAMS to be shoved and restrained, Plaintiff has suffered and continues to suffer

great damages including pain and suffering, emotional distress, mental anguish and humiliation, and other nonpecuniary losses.

**ANSWER:** The City denies the allegations of paragraph 75.

## COUNT VII
### State Claim for Respondeat Superior

76. Plaintiffs reallege paragraphs 1 through 44 as if fully set forth herein

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

77. The acts of the Defendant-Officers described in the state claims specified above, were willful and wanton, and committed in the scope of their employment. Therefore, as principal, the Defendant CITY OF CHICAGO is liable for its agents' actions under the doctrine of respondeat superior.

**ANSWER:** The City admits that the named officers were acting within the scope of their employment while interacting with the plaintiffs, but deny the remainder of the allegations in paragraph 77.

## COUNT VIII
### Indemnification Claim pursuant to 745ILCS 10/9-102

78. Plaintiff [sic] reallege paragraphs 1 through 44 as if fully set forth herein.

**ANSWER:** The City reasserts its answers to paragraphs 1 through 44 as if fully set forth herein.

79. At all times material to this Complaint, the Defendant-Officers were employees of Defendant CITY OF CHICAGO.

**ANSWER:** The City admits the allegations of paragraph 79.

80. The above-described acts of the Defendant-Officers were willful and wanton.

**ANSWER:** The City denies the allegations of paragraph 80.

81. The above-described acts of the Defendant-Officers were committed in the scope of their employment.

**ANSWER:** The City admits that the named officers acted in the scope of their employment while interacting with the plaintiffs, but denies the remainder of the allegations in paragraph 81.

82. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** The City admits to its responsibilities under the Illinois Tort Immunity Act, but denies that any liability lies here for the plaintiffs' allegations.

## AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2002).

2. Defendant City is not liable to plaintiffs if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (1994).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (1994).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-1-2 (2002).

6. Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (1994).

7. As to plaintiffs' state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d 154, 166 (1979)(citations omitted).

8. Under Illinois law, the defendants are not liable to plaintiffs because Defendant Officers' use of force in seizing plaintiff was justified under 720 ILCS 5/7-5 (2002).

## DEFENSES TO ALL CLAIMS

9. To the extent plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiffs by the jury in this case.

10. To the extent any injuries or damages claimed by plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiffs, any verdict or judgment obtained by plaintiffs must be reduced by

application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this cause.

**DATED: JANUARY 20, 2006**

                                              Respectfully submitted,

                                              MARA S. GEORGES
                                              CORPORATION COUNSEL
                                              CITY OF CHICAGO

                                                s/Stephen P. Baker
                                 By:    STEPHEN P. BAKER
                                              Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9332
Attorney No. 06274505

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC MITCHELL, et al., | ) | |
| | ) | No. 05 C 6619 |
| Plaintiffs, | ) | |
| | ) | Judge Lindberg |
| vs. | ) | |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Lawrence V. Jackowiak                Marcelle LeCompte
     33 North LaSalle Street, Suite 2700  30 N. LaSalle, Suite 1400
     Chicago, Illinois 60604              Chicago, IL 60602

**PLEASE TAKE NOTICE** that on this 20th day of January 2006 I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice electronically to the persons named above pursuant to LR 5.9 at the address shown this 20th day of January 2006.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
for the City of Chicago

By:   s/Stephen P. Baker
      STEPHEN P. BAKER
      Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9332
Attorney No. 06274505