# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC MITCHELL,<br>MAURICE MITCHELL, CATHY<br>MITCHELL, RENITA WILLIAMS,<br>and RENITA SCOTT, a minor, by and<br>through Renita Williams, her mother and<br>next best friend; | )<br>)<br>)<br>)<br>)<br>) | **F I L E D**<br><br>MAR 2 4 2006<br><br>Judge George W. Lindberg<br>United States District Court |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | No. 05 C 6619 |
| CITY OF CHICAGO, a Municipal<br>Corporation; Chicago Police Officers<br>RAYMOND PIWNICKI, ANTHONY<br>MARTIN, KEITH RIGAN; and<br>UNKNOWN CHICAGO POLICE<br>OFFICERS John Does and Jane Roes 1-10; | )<br>)<br>)<br>)<br>)<br>) | JUDGE LINDBERG |
| Defendants. | ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiffs, Cedric Mitchell, Maurice Mitchell, Cathy Mitchell, Renita Williams and Renita Scott, a minor, by her guardian ad litem, Renita Williams, by their attorney, Lawrence Jackowiak, defendant, City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants, Raymond Piwnicki, Anthony Martin and Keith Rigan, by one of their attorneys, Marcelle M. LeCompte, herein stipulate and agree to the following:

      1.     This action has been brought by plaintiffs, Cedric Mitchell, Maurice Mitchell, Cathy Mitchell, Renita Williams and Renita Scott, a minor, by her guardian ad litem, Renita Williams, against defendants, City of Chicago, and Raymond Piwnicki, Anthony Martin and Keith Rigan, and makes certain allegations contained in plaintiffs' complaint.

2. Renita Williams, who is the mother of Renita Scott, a minor, agrees to act as the guardian ad litem and next friend to represent and protect the interests of her minor child, Renita Scott, for purposes of effectuating the settlement and release of the minor's claims and this lawsuit.

3. Defendants do not object to Renita Williams being appointed guardian ad litem to represent her minor child, Renita Scott, in the settlement of this case and release of any claims which the minor, Renita Scott, had, has or may have in the future resulting from the incident which forms the basis of the complaint, so long as the court finds that Renita Williams is a competent and appropriate guardian to represent the best interests of her aforesaid child for purposes of effectuating the settlement and release of the minor's claims and this lawsuit.

4. Plaintiff, Renita Scott, a minor, by her guardian ad litem, Renita Williams, and his attorney, represent and warrant that the settlement herein to be distributed to the minor, Renita Scott, shall be distributed as provided by law, pursuant to 755 ILCS 5/1-1, et. seq., and any other applicable provisions. Plaintiff and her attorney further represent and warrant that she will take any and all necessary steps and will follow such rules of procedure as may be required by the Circuit Court of Cook County, Illinois, respecting the distribution of the proceeds of the settlement to be distributed to the minor, Renita Scott, including, but not limited to the procurement of any approvals, findings, or orders of the Probate Division of the Circuit Court of Cook County, Illinois.

5. Defendants deny each and every allegation of wrongdoing as stated in plaintiffs' complaint, and, further, deny liability.

2

6.     The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiffs and their attorney agree that they or any firm with which said attorney is affiliated or with which said attorney may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

7.     In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiffs, Cedric Mitchell, Maurice Mitchell, Cathy Mitchell, Renita Williams and Renita Scott, a minor, by her guardian ad litem, Renita Williams, agree to dismiss with prejudice all of their claims against defendants, City of Chicago, and Raymond Piwnicki, Anthony Martin and Keith Rigan, with each side bearing its own costs and attorneys' fees.

8.     Plaintiff, Cedric Mitchell, accepts a settlement from defendant, City of Chicago, in the total amount of THIRTEEN THOUSAND AND NO/100 ($13,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

3

9.    Plaintiff, Maurice Mitchell, accepts a settlement from defendant, City of Chicago, in the total amount of THREE THOUSAND TWO HUNDRED FIFTY AND NO/100 ($3,250.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

10.    Plaintiff, Cathy Mitchell, accepts a settlement from defendant, City of Chicago, in the total amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($1,750.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

11.    Plaintiff, Renita Williams, accepts a settlement from defendant, City of Chicago, in the total amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($1,750.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

12.    Plaintiff, Renita Scott, a minor, by her guardian ad litem, Renita Williams, accepts a settlement from defendant, City of Chicago, in the total amount of ONE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($1,750.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

13.    The City of Chicago agrees to pay plaintiffs the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiffs and/or their attorney agree that they will not seek payment from any source other than the City of Chicago. The settlement checks will be made payable to plaintiffs, their attorney, and lien claimants, if any, of which the City has notice.

14.    In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiffs agree to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not

4

limited to, the individual defendants, Raymond Piwnicki, Anthony Martin and Keith Rigan, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiffs under this settlement entered pursuant to this Release and Settlement Agreement.

15.     Plaintiffs, upon advice of counsel, understand and agree that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiffs do hereby release and forever discharge on behalf of themselves and their heirs, executors, administrators and assigns, all claims they had or have against the individual defendants, Raymond Piwnicki, Anthony Martin and Keith Rigan, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims they had, have, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

16.     This Release and Settlement Agreement and any documents that may be executed under paragraph 20 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

17.     This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

5

18.     In entering into this Release and Settlement Agreement, plaintiffs represent that they have relied upon the advice of their attorneys, who is the attorney of their own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to them by their attorney, and that those terms are fully understood and voluntarily accepted by plaintiffs. Plaintiffs also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that they and their attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

19.     This Release and Settlement Agreement is expressly conditioned on this Court's approval, pursuant to Rule 17.1 of the Local Rules of the United States District Court for the Northern District of Illinois, that the settlement on behalf of the minor, Renita Scott, is fair and reasonable and made in the best interests of the minor.

20.     All parties agree to cooperate fully and to execute a  Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

_Cedric Mitchell_
Cedric Mitchell, plaintiff

Address: _____
_____

BY: _Stephen Baker (ML)_
Stephen P. Baker
Assistant Corporation Counsel
Ste. 900, 30 North LaSalle Street
Chicago, Illinois 60602
Atty No. 06274505
312-744-9332

Date of birth:_____

*SSN:_____

*Providing SSN is voluntary

X _Maurice Mitchell_
Maurice Mitchell, plaintiff

DATE: _3/16/06_

_Cathy mitchell_
Cathy Mitchell, plaintiff

_Renita Williams_
Renita Williams, plaintiff

_Renita Scott by Renita Williams_
Renita Scott, plaintiff, by her guardian
ad litem, Renita Williams

_Lawrence Jackowiak_
Lawrence Jackowiak
Attorney for plaintiffs,
Cedric Williams, Maurice Williams,
Cathy Williams, Renita Williams and
Renita Scott, a minor,
Ste. 2700, 33 N. LaSalle St.
Chicago, Illinois 60602__
(312) 795-9595
Attorney No. _6231003_

DATE:_3/16/6_

_Marcelle LeCompte_
Marcelle M. LeCompte
Assistant Corporation Counsel
Attorney for defendants,
Raymond Piwnicki, Keith Rigan and
Anthony Martin
Ste. 1400, 30 North LaSalle Street
Chicago, Illinois 60602
312-744-3283
Attorney No. 06225428

DATE: _3/16/06_

7